**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| **JASON GREGORY MITCHELL,** | * |  |
| **Plaintiff** | * |  |
| **v.** | * | **CIVIL NO.  JKB-14-3152** |
| **COLIN OTTEY** *et al.*, | * |  |
| **Defendants** | * |  |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

*I.  Background*

Plaintiff Jason Gregory Mitchell is an inmate in North Branch Correctional Institute in Cumberland, Maryland.  (Am. Compl. ¶ 1, ECF No. 57.)  Originally acting *pro se*, Mitchell filed a complaint against Janette Clark, CRNP, and Colin Ottey, M.D., alleging he began suffering pain in his left arm and that the left side of his body was numb on May 22, 2014.  (Compl., ECF No. 1.)  He provided detailed allegations as to the course of medical care he received from the Defendants over several months, and he alleged his condition worsened and that the many visits he made to them resulted in no pain relief.  (*Id.*)  He complained that he had considerable difficulty in walking, but was denied feed-in status because "they think its [*sic*] best for me to walk to the kitchen to eat."  (*Id.*)  Because it was painful for him to walk, Mitchell said he skipped going to some meals.  (*Id.*)  One doctor thought he had a stroke.  (*Id.*)  He alleged he put in numerous requests for sick call, but "the medical personnel just will not do anything to help with [his] medical condition."  (*Id.*)

Defendants filed a motion to dismiss (ECF No. 7), which was denied (ECF No. 13).  The Court appointed counsel for Mitchell (ECF Nos. 19, 20).  (Over the course of several months, eight separate *pro bono* appointments were made and stricken before appointed counsel filed a notice of appearance.  *See* ECF Nos. 20 – 47.)  Shortly afterward, the case was reassigned to the undersigned.  In response to the parties' status report (ECF No. 49), the Court entered a scheduling order (ECF No. 50), pursuant to which Mitchell's counsel sought and was granted leave to file an amended complaint (ECF Nos. 51, 56).  Following the filing of the amended complaint, which considerably amplified the factual allegations, asserted specific theories for relief, and added Wexford Health Sources, Inc. ("Wexford") as a Defendant (ECF No. 57), the parties jointly sought relief as to the case schedule (ECF No. 60).  The Court vacated the earlier scheduling order, ordered that fact discovery should remain open, and ordered that "should it be necessary, the Parties shall submit new discovery deadlines within ten (10) days of the Court entering a ruling on Defendants' responsive pleading to Plaintiff's Amended Complaint."  (ECF No. 61.)  Defendants then filed their motion to dismiss for failure to state a claim and/or motion for summary judgment.  (ECF No. 62.)  The motion has been briefed (ECF Nos. 65, 66), and no hearing is necessary to resolve it, Local Rule 105.6 (D. Md. 2016).  It will be granted in part and denied in part.

## II.  Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  An inference of a mere

possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### III. Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial,

Fed. R. Civ. P. 56(c)(1).   Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit.  Fed. R. Civ. P. 56(c)(4).

## IV.  Analysis

Defendants have advanced a number of arguments.   The Court will address first those arguments that appear to be appropriately considered on a motion to dismiss for failure to state a claim for relief.

### A.  Whether Wexford Is a "Person" Within the Meaning of 42 U.S.C. § 1983

First, Wexford asserts it is not a "person" within the ambit of 42 U.S.C. § 1983 and, therefore, cannot be sued under this statute.   The undersigned dealt with this same issue in *Wimbush v. Matera*, Civ. No. JKB-11-1916, 2013 U.S. Dist. LEXIS 102509, at *3 n.2 (D. Md. July 23, 2013).   Precedent from the United States Court of Appeals for the Fourth Circuit is unambiguous on this point.  A private business is considered a "person" that may be held liable under 42 U.S.C. § 1983.  *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-29 (4th Cir. 1999). Wexford's first argument is without merit.

### B.  Whether Plaintiff Failed to State a Claim in Count II (Supervisory Liability)

In Count II, Mitchell has sued Wexford under § 1983 on a theory of supervisory liability. Although Wexford has challenged the complaint's adequacy of allegations establishing pervasive conduct to support supervisory liability, that is not why the Court now rules that Mitchell's Count II fails to state a claim for relief.   He has provided no example to the Court of a private business being held liable under the named theory.   Certainly, the Fourth Circuit has determined that individuals may be liable on this basis, but it has expressed a restrictive view of corporate liability under § 1983.  In *Austin*, the Fourth Circuit stated that a private corporation may be held

liable under 42 U.S.C. § 1983 "*only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Id.* at 728. *See also Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408-09 (4th Cir. 1990) (noting policy or custom liability established by *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978), had been applied to private businesses). Given that emphatic statement in a precedential case, this Court concludes Wexford may not be sued for supervisory liability in a § 1983 case. Consequently, Count II will be dismissed.

### C. *Whether Plaintiff Failed to State a Claim in Count III (*Monell *liability)*

In Count III, Mitchell has pled a policy and custom of Wexford, specifically, the Collegial Review process, has caused a denial to him of necessary medical care. An example of this was set forth in the complaint:

> 22. In February 2015, Mr. Mitchell met with Dr. Mahboob Ashraf. Dr. Ashraf diagnosed pain, numbness, and paresthesia. Dr. Ashraf appropriately ordered an MRI of the lumbosacral region in order to diagnose the cause of Mr. Mitchell's deteriorating condition. This was the first time that any provider ordered imaging capable of diagnosing Mr. Mitchell's symptoms. Mr. Mitchell did not receive an MRI in February 2015.
>
> 23. In March 2015, Dr. Ashraf again ordered an MRI. Mr. Mitchell did not receive an MRI in March 2015 either.
>
> 24. Dr. Ashraf's MRI orders were denied by Wexford and by supervisory employees. The denial of these orders for an MRI was not communicated to Mr. Mitchell. There was no explanation for the denial of the MRI. It appears the MRI was denied pursuant to Wexford's "Collegial Review" process, an official company policy regarding off-site care, diagnostic imaging, and specialty consultations.

"While '"official policy" often refers to formal rules or understandings,' corporate liability may also 'be imposed for a single decision by [corporate] policymakers under appropriate circumstances.'" *Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir.

2003) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) (alteration in original)). Either of these varieties of *Monell* liability is adequately stated in the complaint.

Wexford makes an additional, unpersuasive argument.  It contends that Mitchell alleges "no specific facts in support of Wexford's policies and customs beyond those concerning his own injury." (Defs.' Mot. Dismiss Supp. Mem. 10.)  What Mitchell alleges is that Wexford had an official policy or custom known as the Collegial Review Process and that application of that process to Mitchell resulted in the denial of medical care, specifically, the overruling of the treating physician's order for an MRI.  The complaint sufficiently states a claim for relief.  The motion to dismiss Count III will be denied.

### D.  Whether Defendants Are Entitled to Summary Judgment on the § 1983 Claims

Defendants argue the record does not support Mitchell's complaints under § 1983. (*Id.* 4.)  Mitchell cites to some of the same record portions relied upon by Defendants and notes contradictory evidence therein.  (Pl.'s Opp'n 10-11, ECF No. 65.)  Further, he contends, with reason, that Defendants argue his statements were inconsistent with what was noted in the medical records and, therefore, Defendants are asking the Court to make credibility choices. (*Id.* 10.)  The Court cannot make credibility choices at this point in the proceedings.  Finally, Mitchell's counsel says he has not had a fair chance to conduct discovery and anticipates depositions of expert witnesses to be important in that process; he also wants to conduct depositions of Ottey, Clark, and a Wexford representative.  (*Id.* Ex. 1, Bragdon Aff.)  Further, Mitchell says he has not received adequate responses to his discovery requests and has been communicating with defense counsel in an effort to resolve those issues.  (*Id.*)

As earlier noted, the parties jointly requested that, pending a ruling on Defendants' then-anticipated motion to dismiss, fact discovery would remain open and that the parties would

6

jointly propose new discovery deadlines after the Court's ruling, if the case was unresolved.  The Court concludes that a genuine dispute of material fact exists on the current record and that Mitchell is entitled to full discovery on his complaint.  As a result, Defendants' alternative motion for summary judgment will be denied.

### E.   Whether Supplemental Jurisdiction Should Be Exercised Over Count IV

Defendants contend the Court should decline to exercise supplemental jurisdiction over Count IV because "this Court has consistently refused to apply supplemental jurisdiction over state law medical malpractice claims in a prisoner § 1983 lawsuit."  (Defs.' Mot. Dismiss Supp. Mem. 12.)  Defendants cite several cases from this Court to support their argument (*id.* 12-13), but all of them are inapposite.  Those cases all granted summary judgment for the respective defendants and, appropriately, declined to exercise supplemental jurisdiction over the state law negligence claims.  Here, the Court is not disposing of the federal claims and, thus, no basis exists for declining to exercise supplemental jurisdiction over Mitchell's negligence claim in Count IV.

## V.   Conclusion

Wexford is entitled to dismissal of the supervisory liability claim against it in Count II. Otherwise, Defendants' motion will be denied by separate order.

DATED this 5th day of October, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge