# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
(410) 962-0868 FAX
MDD_ADCchambers@mdd.uscourts.gov

October 4, 2017

TO ALL COUNSEL OF RECORD

Re: *Jason Mitchell v. Colin Ottey, et al.*
   Civil No. JKB-14-3152

Dear Counsel:

This case was referred to me for purposes of discovery on September 5, 2017. On August 31, 2017, Defendants, Dr. Colin Ottey, Janette Clark CRNP, and Wexford Health Sources, Inc. ("Wexford," and collectively with Dr. Ottey and Nurse Clark, the "Defendants"), filed a motion for leave to depose an expert witness and designate additional expert witnesses (ECF No. 111). On September 15, 2017, Plaintiff, Jason Mitchell ("Plaintiff"), filed a response in opposition to Defendants' motion for leave to depose, asserting that Defendants have been dilatory in conducting expert discovery and there is no need for further expert discovery on Plaintiff's MRI (ECF No. 120). On September 20, 2017, Defendants filed a reply (ECF No. 125). In addition, on August 31, 2017, Defendants filed a motion to compel Plaintiff's expert witnesses to produce documents and other items requested by Defendants' subpoena *duces tecum* (ECF No. 112). On September 15, 2017, Plaintiff filed a response (ECF No. 118), and Defendants replied on September 19, 2017 (ECF No. 124). This issue is now fully briefed and no hearing is necessary. Loc.R. 105.6 (D.Md. 2016). For the reasons that follow, Defendants' motion for leave to depose an expert witness and designate additional expert witnesses (ECF No. 111) is GRANTED and Defendants' motion to compel (ECF No. 112) is GRANTED .

This case arises from an action brought by Plaintiff, an inmate in custody at the North Branch Correctional Institute, against Dr. Ottey and Nurse Clark, two treating providers for inmates in the correctional system, including Plaintiff, and Wexford, the primary provider of medical services for inmates in Maryland's prison system. Plaintiff's action alleges counts for medical negligence and deliberate indifference as to the medical care provided to him while incarcerated related to his complaints of severe back pain and numbness in parts of his body. Specifically, Plaintiff contends that Defendants improperly denied him an MRI of his back and failed to refer him for a consultation with a neurologist.

A. Defendants' Motion for Leave to Depose Dr. Alan Ropp and Designate Expert Witnesses

Defendants first seek an order from this Court to grant them leave to depose Dr. Alan Ropp, the radiologist who interpreted Plaintiff's MRI and stated in his written report that there were no abnormal findings, and to designate additional expert witnesses, specifically but not limited to a radiologist, to counter Dr. Louis Halikman's newly produced opinion regarding the MRI results. ECF No. 111-1 at 6.

Case 1:14-cv-03152-JKB   Document 128   Filed 10/04/17   Page 2 of 5

*Jason Mitchell v. Colin Ottey, et al.*
Civil No. JKB-14-3152
October 4, 2017
Page 2

Defendants argue that they were unaware that Plaintiff intended to challenge Dr. Ropp's report prior to receiving Dr. Halikman's supplemental report and that they now need to depose Dr. Ropp and determine his ability to testify regarding his statement that Plaintiff's MRI was "normal." *Id.* at 4–5. Plaintiff counters that Dr. Halikman's February 27, 2017 letter report disclosed his opinion that an MRI would show abnormal findings. ECF No. 120 at 3–5.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and provides that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. The rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando,* 441 U.S. 153, 177 (1979); *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). The discovery deadline in this case has passed, and the issues of reopening discovery and conducting an additional deposition lie within the discretion of the court. *Vodrey v. Golden,* 864 F.2d 28, 32 (4th Cir. 1988). To reopen discovery, Plaintiff must satisfy the good cause standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure. The primary consideration of the court in addressing whether "good cause" has been shown under Rule 16(b) relates to the movant's diligence. *Montgomery v. Anne Arundel Cty., Md.,* 182 F.App'x 156, 162 (4th Cir. 2006) (per curiam). Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.,* 200 F.R.D. 564, 567 (S.D.W.Va. 2001). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Marcum v. Zimmer,* 163 F.R.D. 250, 254 (S.D.W.Va. 1995) (emphasis omitted) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

Plaintiff provided Dr. Halikman's expert report dated February 27, 2017 to Defendants on April 20, 2017 and supplemented that report on August 18, 2017. *See* ECF Nos. 111-4 and 111-5. In the supplemental report dated August 17, 2017, Dr. Halikman stated that he "disagree[d] that the MRI imaging performed on [Plaintiff] were 'normal.'" ECF No. 111-5 at 1. Despite Plaintiff's claim to the contrary, Dr. Halikman's February 27, 2017 report contains no such position, but merely states, "I have recommended that an MRI be performed for [Plaintiff]. It is not possible to state whether any further treatment would be needed until an MRI is performed." ECF No. 111-4 at 17. In the acknowledged absence of any MRI imaging, Dr. Halikman could not have an opinion of whether such imaging was "normal" or not. Accordingly, under the broad and liberal construction to the rules of discovery, Defendants may have the opportunity to conduct additional discovery. *See Green v. Ford Motor Co.,* No. 3:00CV00049, 2001 WL 1530254, at *5 (W.D.Va. Nov. 19, 2001) (stating that "[w]hile the defendants' late disclosure of . . . an expert witness was not entirely excusable, some leniency is merited due to the fact that plaintiffs' expert [] did not reveal his opinion regarding wind and weather conditions until his deposition" and that "because notice regarding [defendants' expert witness]'s testimony was given to the plaintiffs well before trial, it does not appear that the plaintiffs have been unduly prejudiced by the introduction of the testimony at issue"). Defendants have satisfactorily explained why they could not reasonably meet the discovery deadline and they have put forth good reason for their delay in seeking the present deposition. Accordingly, Defendants' motion for leave to depose will be granted.[1]

---

[1] In their motion for leave to depose, Defendants suggest that their deposition of Dr. Ropp may result in

*Jason Mitchell v. Colin Ottey, et al.*
Civil No. JKB-14-3152
October 4, 2017
Page 3

    B.  Defendants' Motion to Compel Plaintiff's Expert Witnesses to Produce Documents and Other Items Requested by Subpoena *Duces Tecum*

        Defendants next ask this Court to compel Plaintiff's expert witnesses to produce requested documents. ECF No. 112-1 at 4. Specifically, Defendants request an unredacted version of Dr. Richard North's notes as well as Nurse Depew's notes, timeline, invoice, and disk and binder of medical records which she received from Plaintiff's counsel. *Id.* Defendants opine that Dr. North and Nurse Depew should produce their notes and timeline in an unredacted format and that Federal Rule of Civil Procedure 26(b)(4)(C)[2] requires that Nurse Depew's disk of records and invoices be produced. *Id.* at 3. Plaintiff argues that Defendant's motion to compel is untimely and further objects to Defendants' request on the grounds that no discoverable documents exist which have not been produced. ECF No. 118 at 2–3.

        Rule 26(a)(2)(B) creates a mandatory expert disclosure requirement that includes the automatic disclosure of "facts or data considered" by an expert in formulating an expert opinion and the compensation to be paid to the expert. Aside from expert draft reports and impressions of counsel, "parties must disclose 'any material considered by the expert, from whatever source, that contains factual ingredients.'" *Carroll Co. v. Sherwin-Williams Co.*, No. WMN-11-1700, 2012 WL 4846167, at *3 (D.Md. Oct. 10, 2012) (citation omitted). "'[C]onsidered by' in Rule 26 require[s] parties to produce more than the information that its experts 'relied on' in forming their opinions." *Id.* (quoting *Synthes Spine Co. v. Walden*, 232 F.R.D. 460, 463 (E.D.Pa. 2005)). "[P]arties must produce 'any information furnished to a testifying expert that such an expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected.'" *Id.* (quoting *Synthes Spine Co.*, 232 F.R.D. at 463).

---

their reliance on his expert testimony at trial rather than on another post-deposition designated expert witness. ECF No. 111-1 at 6. Defendants' deposition of Dr. Ropp could thus address Defendants' request to designate additional expert witnesses, but in the case that it does not, Defendants will have thirty days following the completion of Dr. Ropp's deposition to designate one additional expert witness. *Cf. Chamberlain v. Denny's, Inc.*, 206 F.R.D. 418, 421 (D.Md. 2002) (denying a defendant's motion for leave to name a rebuttal expert after the cutoff date for discovery was extended and the defendant failed to depose a rebuttal expert during the extended discovery period).

[2] Federal Rule of Civil Procedure 26(b)(4)(C) states:

        Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

        **(i)** relate to compensation for the expert's study or testimony;
        **(ii)** identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
        **(iii)** identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

*Jason Mitchell v. Colin Ottey, et al.*
Civil No. JKB-14-3152
October 4, 2017
Page 4

Starting with Dr. North's redacted notes, Plaintiff argues that the redacted portions of the notes contained communications between Plaintiff's attorney and expert which did not include facts or assumptions that formed the basis of Dr. North's opinions or billing information. ECF No. 118 at 3. During Dr. North's deposition, Dr. North testified that "[a]ll of the information I have in this case was furnished by [Plaintiff's attorney]." ECF No. 112-7 at 3. As Defendants contend, Dr. North's notes may contain further factual information from Plaintiff's attorney which would be discoverable under the exceptions of Fed.R.Civ.P. 26(b)(4)(C); just looking at Dr. North's redacted notes, however, does not make it possible to determine whether the redacted information pertained to discoverable or non-discoverable information under Fed.R.Civ.P. 26(b)(4)(C) and the exceptions contained therein. It is possible that none, some, or all of the redacted information may be protected. Thus, Plaintiff must submit an unredacted version to the Court for an *in camera* review to determine the extent of such protection.

Regarding Nurse Depew's materials, Plaintiff argues that all discoverable documents have been produced. ECF No. 118 at 8. Defendants counter that they are entitled to Nurse Depew's notes and timeline even though their contents were incorporated into her affidavit, Nurse Depew's invoice for her deposition preparation time, and the disk and binder of records which Nurse Depew relied on in formulating her opinions. ECF No. 124 at 4–5. Discoverable expert materials under the exceptions in Fed.R.Civ.P. 26(b)(4)(C)(i)–(iii) clearly includes Nurse Depew's invoices, documents created by Nurse Depew other than draft expert reports, and documents, communications, and information seen or considered by her at any time that could have been the basis for her expert opinions, whether or not Nurse Depew ultimately used or rejected such information. Furthermore, such information constitutes factual information for Nurse Depew's consideration. *See Damgaard v. Avera Health*, No. CIV.13-2192 (RHK/JSM), 2015 WL 4993701, at \*5 (D.Minn. June 18, 2015) (determining that a blood pressure chart and two time line charts constituted discoverable documents within the "facts or data" exception of Rule 26(b)(4)(C)); *CTB, Inc. v. Hog Slat, Inc.*, No. 7:14-CV-157-D, 2016 WL 1244998, at \*15–16 (E.D.N.C. Mar. 23, 2016) (requiring the disclosure of documents where an expert testified at her deposition that she considered such documents in developing her opinions). Thus, Nurse Depew's notes, timeline, invoice, and disk and binder of records are all discoverable, and Plaintiff's motion to compel will be granted.

C.  Conclusion

"District courts exercise broad discretion over discovery issues." *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016). Thus, for the reasons set forth in this Court's letter to counsel, Defendants' motion for leave to depose an expert witness and designate additional expert witnesses (ECF No. 111) is GRANTED, and Defendants' motion to compel (ECF No. 112) is GRANTED. For the forgoing reasons, the Court extends the discovery deadline to November 3, 2017 for the limited purpose of allowing Defendants to depose Dr. Ropp. Moreover, within ten days of this Order, Plaintiff must provide an unredacted version of Dr. North's notes to the Court for *in camera* review. Also within ten days of this Order, Nurse Depew's notes, timeline, deposition preparation invoice, and disk and binder of medical records must be provided to Defendants.

*Jason Mitchell v. Colin Ottey, et al.*
Civil No. JKB-14-3152
October 4, 2017
Page 5

The Court continues to recommend that the parties work together to resolve any other outstanding discovery issues in order to ultimately bring this case to a final resolution. Despite the informal nature of this letter, it is an Order of the Court and shall be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge

cc:  Court File